GLORIA ESTHER CASTELLANO ROSARIO ET AL., ETC., Plaintiffs and Appellants, *v.* PUERTO RICO BEVERAGES AND FLAVORING, INC., and AMERICAN RAILROAD COMPANY OF PUERTO RICO, Defendants and Appellees.

No. 10775. Argued March 5, 1953.—Decided May 14, 1953.

*E. Martínez Avilés* for appellants. *Benicio Sánchez Castaño* and *R. Rivero Cervera* for appellee Puerto Rico Beverages & Flavoring, Inc. *L. E. Dubón, R. García Cintrón, L. Ríos Algarín, F. Fornaris, Jr.,* and *Jaime Pieras, Jr.,* for appellee, American Railroad Co., of Puerto Rico.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On May 25, 1949 and at Bolívar Street, Stop 24 in Santurce, engine No. 602, property of the American Railroad Company of Puerto Rico, collided with a truck belonging to the Puerto Rico Beverages and Flavoring, Inc. As a result of said collision a laborer working in said truck, named Domingo Castellano Rivera, died. The Manager of the State Insurance Fund found that said laborer was working for an uninsured employer and granted a compensation of $2,761,

to his beneficiaries, 40 per cent of said amount belonging to the widow and 20 per cent to each one of his two minor children, that is, a total amount of $2,208.80. The employer Puerto Rico Beverages and Flavoring, Inc., paid the aforementioned compensation.

Elsa Rosario Galíndez, the widow, by herself and as mother with *patria potestas* over her minor children Gloria Esther and Domingo Castellano, filed a suit in the former District Court of Puerto Rico, San Juan Section, against the American Railroad Co. of Puerto Rico and the Puerto Rico Beverages and Flavoring, Inc., claiming damages for the death of the laborer Domingo Castellano Rivera.[1] In their complaint they aver that the death of their father was due to the fault and negligence of both defendants, that of the American Railroad Company of Puerto Rico consisting in having no gatekeeper at the grade crossing where the accident took place. As to the Puerto Rico Beverages and Flavoring, Inc., they alleged that its fault and negligence consisted in that the truck driver Pablo Castellano Rivera, was driving the truck recklessly and at an excessive speed. They also alleged that their father was a young man, of about 28 years of age and that he earned an average wage of $2.40 daily. They prayed for a judgment of $25,000.

Both defendants appeared and answered the complaint. The Puerto Rico Beverages and Flavoring, Inc., disavowed any liability. It claimed that the accident was due solely and exclusively to the negligence and carelessness of the other codefendant. It also filed a cross-claim against said codefendant claiming the amount of $4,498.57 for damages suffered as a result of the accident. The American Railroad Company in turn denied any liability and averred that the ac-

---

[1] Elsa Rosario Galíndez died and an amended complaint was then filed in which the minors Gloria Esther and Domingo Castellano Rosario appear as plaintiffs, represented by their guardian *ad litem* Ramón Clemente González. In the amended complaint the minors state their original cause of action and in addition substitute their mother in the cause of action which she had instituted in her own name.

cident was due solely and exclusively to the carelessness and negligence of the truck driver of the other defendant.

The issues thus joined, the case was tried on the merits and after stating its findings of facts and conclusions of law, the court *a quo* rendered judgment dismissing the complaint as well as the cross-claim filed by the Puerto Rico Beverages and Flavoring, Inc.

Only the plaintiffs have appealed from said judgment. They charge the commission of seven errors. However, in order to decide this appeal, we need only consider three fundamental rulings laid down by the court *a quo*, to wit: (1) That the proximate cause of the accident was the negligence of Pablo Castellano Rivera, employer of the defendant Puerto Rico Beverages & Flavoring, Inc., and driver of the truck in which plaintiffs' father was riding as a peon: (2) that in said accident there was no intervening negligence from the codefendant American Railroad Company of Puerto Rico; and (3) that "in absence of proof to the contrary, the amount of $3,098.57 received by the plaintiffs as compensation for the death of their ancestor is fair, adequate and sufficient."

■ The evidence was contradictory as to the way in which the accident happened. But, upon settling said conflicting evidence, the trial court considered the following facts as proved:

"4. The train was about to enter upon the grade crossing where the accident happened, and the engine was already at the entrance of Bolívar Street, when the truck belonging to codefendant Puerto Rico Beverages and Flavoring, Inc., rushed into the railroad track, being struck by the engine. The truck as well as the boxes of empty bottles which it carried were totally destroyed.

"5. The train was traveling at a speed of nearly 10 or 15 kilometers per hour, and the person in charge was blowing the whistle as well as striking the bell of the engine, long before the accident took place, up to the very moment of collision, and.

even after it. Furthermore, some of the witnesses who were at the grade crossing when the accident occurred had noticed that the train was about to enter upon the crossing at a moderate speed because of the trepidation of the train and the noise produced by the sugar-loaded wagons on the tracks.

"6. That the persons who were present at the place where the accident happened made repeated signals with their hands and shouted the truck driver to stop as the train was approaching whistling and ringing a bell; but the truck driver did not see or did not hear or else did not mind the signals, and without stopping upon approaching the railroad track nor reducing his speed, which was fast, he rushed to the grade crossing, being struck by the engine.

"7. That at the grade crossing of Bolívar Street where the accident occurred there were at the time metal cross-signs, mounted on steel poles, which are a warning to vehicles and pedestrians to the fact that they are approaching a grade crossing, with an inscription which warns every person to stop, look and listen before crossing.

"8. That Pablo Castellano Rivera, driver of the truck owned by codefendant Puerto Rico Beverages and Flavoring, Inc., knew about the grade crossing where the accident happened, he knew that trains passed through there, he had travelled repeatedly through that place, and he knew or should have known that there were no barriers or chains therein.

"9. The proximate cause of the accident was the negligence of Pablo Castellano Rivera, employee of the Puerto Rico Beverages and Flavoring, Inc., and driver of the truck wherein Domingo Castellano Rivera was riding as a peon, consisting said negligence in failing to stop, look and listen before crossing the railroad track although shortly before the accident the train was approaching the crossing raising great noise, blowing the whistle loudly and ringing its bell, and although some persons present at the place made hand signals and shouted at him to stop because the train was approaching.

"10. No negligence intervened on the part of the codefendant American Railroad Company of Puerto Rico or of its employees as to the facts which gave rise to the instant case."

A thorough examination of the transcript of evidence brought before this Court, reveals that the former findings are amply supported by the evidence. In absence of a show-

ing that a clear error was committed upon weighing the evidence or that the court *a quo* was moved by passion, prejudice or partiality, we will not modify those findings on appeal. *Quiñones* v. *Tropical Beverages, Inc., et al., ante,* p. 338 and cases cited therein.

The appellants urge that defendant American Railroad Company of Puerto Rico was negligent. They maintain that according to paragraph "*q*" of § 3 of Act No. 70, Laws of Puerto Rico, 1917, Vol. II, (Sess. Laws, p. 432) and the ruling in *Cordero, Mgr.* v. *American Railroad Co.,* 66 P.R.R. 438, failure to keep a safety device at the grade crossing in Bolívar Street, is negligence *per se.* This would be so, should this be a grade crossing subject to paragraph "*q*".[2] *Línea Borinquen, Inc.* v. *Am. Railroad Co.,* 53 P.R.R. 295. Pursuant to the provisions of the afore-cited paragraph "*q*", a railroad company is bound to have chains, gates or other safety devices at all grade crossings of insular public roads, and at all such other public crossings indicated by the Public Service Commission.

The evidence does not disclose that Bolívar Street is an insular public highway. Although the place of the accident is a public crossing, the evidence does not establish either that it is one of those indicated as such by the Public Service Commission and in which appellee was thus bound to keep safety devices. We must therefore, hold that defendant

---

[2] Said paragraph provides as follows:

"(*q*) *Safety Devices for Crossings, etc.*—If a railroad company, to contract and maintain chains, gates, or their suitable protective devices, at all grade crossings of insular public roads and at all such other public crossings as the commission may designate, and subject to rules, regulations and orders of the commission, to fence in or otherwise properly guard or protect its tracks at such places as the commission may designate, so as to keep animals from entering upon such tracks; to provide its locomotives with bells and whistles which shall be used upon approaching curves, tunnels, and road or street crossings and whenever necessary as a warning of the approach of such locomotives and trains which shall reduce their speed to a minimum on street crossings, and shall use, after sunset, such lights as may be necessary and the commission may determine."

American Railroad Company of Puerto Rico was not at fault in failing to keep such safety devices at the grade crossing in Bolívar Street.[3]

■ We shall now pass on to consider whether the court *a quo* erred in holding that according to the evidence before it, the amount of $3,098.57 received by the plaintiffs as compensation for the death of their ancestor is fair, adequate and sufficient.

Appellees concede that the compensation received by the appellants through the State Insurance Fund was $2,208.80 instead of the amount stated by the trial court. They urge, however, that said mathematical error does not affect the final conclusion reached by said court as the record lacks any evidence as to the damages suffered by the plaintiff. Inasmuch as we have already found that the defendant American Railroad Company of Puerto Rico is not liable, we shall examine this question solely as regards codefendant Puerto Rico Beverages and Flavoring, Inc.

As proof of the damages prayed for in the complaint, appellant relied exclusively on a certified copy of the decision of the Manager of the State Insurance Fund, offered in evidence by them and admitted by the court *a quo* over appellees' objection. Appellants were granted compensation for the

---

[3] Construing § 12 of Act No. 64 of March 9, 1911 (Sess. Laws, p. 207), as amended by Act No. 12 of March 11, 1915 (Sess. Laws, p. 42), which required all railroad companies to build and keep safety devices at all grade crossings of insular public roads, and at all such other public crossings as the Executive Council might choose, we held in *Fajardo* v. *American Railroad Company*, 27 P.R.R. 559 at p. 566, "We are of the opinion that Act No. 64 imposes that duty only with regard to grade-crossings or to crossings on the insular public roads and at such other places as the Executive Council may designate; and as Méndez Vigo Street is not an insular public road, but a street of the City of Mayagüez, and the Executive Council has not ordered that chains, gates or other similar protective devices shall be maintained at the said crossing, the defendant was not under the obligation to have such protective devices at that place and therefore was not guilty of negligence in failing to maintain them there."

For a definition of *insular public roads* see *American R. Co. of Porto Rico* v. *López*, 3 F. 2d 876. See also Act No. 80 of May 13, 1936.

death of their father Domingo Castellano Rivera in said decision. The essential facts in which the Manager of the State Insurance Fund based his decision of compensation were the following: (1) that at the time the accident occurred Domingo Castellano Rivera was working for the uninsured employer Puerto Rico Beverages and Flavoring, Inc., (2) that the death of said workman was the result of a labor accident; (3) that at the time of his death, the workman was 28 years old and earned an average wage of $2.40 daily and; (4) that with the product of his work this laborer supported his wife, Elsa Rosario Galíndez, his minor children Gloria Esther and Domingo Castellano, and his parents, Manuel Castellano and María Antonia Rivera.

The objection raised by the Puerto Rico Beverages and Flavoring, Inc., as to the admission of said document as evidence, was based on the ground that the amount paid by it to the State Insurance Fund was larger than the amount set forth in the document.[4] Before this Court it now urges that the lower court could not consider the facts stated in such decision to fix the compensation for the damages suffered by appellants and that said facts cannot be used as evidence against it.

In our view appellee is not right. There are circumstances in the instant case which induce us to hold that the findings of fact set forth by the Manager in his decision admitted in evidence, are, at least, *prima facie* evidence against defendant Puerto Rico Beverages and Flavoring, Inc. We explain. According to paragraph 5 of § 3 of the "Workmen's Compensation Act" as amended by Act No. 162 approved May 14, 1943, (Sess. Laws, p. 524) if a workman or employee dies as a result of a labor accident, his dependents shall receive a compensation of from $1,000 to $3,000 which shall be adjusted according to the *earning*

---

[4] Actually, appellee did pay to the State Insurance Fund a larger sum but the remainder was not given to the appellants but to other laborers who were injured in the same accident.

*capacity* of the deceased workman or employee and to *his probabilities of living* all in accordance with rules to be issued by the Manager of the State Fund. So then, upon fixing compensation in a case of death, two factors must be considered, to wit: (1) earning capacity of the deceased workman or employee and (2) his probabilities of life. Furthermore, § 15 of said Act provides that in case of an accident suffered by a workman or employee while working for an employer who, in violation of the law, is not insured, the Manager of the State Fund shall determine the compensation that should follow plus the expenses in the case, and shall certify its decision to the Treasurer of Puerto Rico who shall collect from the employer. Said Section provides further that the Industrial Commission shall give the employer as well as the workman or employee, in the case, *a hearing* to appear and defend themselves, conforming as far as possible to the practice observed in the district courts.

The record of this case reveals that the Puerto Rico Beverages and Flavoring, Inc., yielded to the compensation fixed by the Manager of the State Fund and paid it, without requesting the Industrial Commission for a hearing to appear and defend itself. In other words, it accepted as correct the finding made by the Manager as to the amount of compensation, which necessarily, by provision of law, had to be based on (1) the earning capacity of the deceased workman and (2) his probabilities of life. To determine the first factor, the average earnings received by the workman had to be considered and as to the second, his age at the time of his death. Therefore, defendant's conduct, by accepting as correct the decision of the Manager, implies an admission of the facts in which said decision is based.

This case is somewhat analogous to that of a defendant in default. In the latter the default stands as an admission by defendant to the effect that the cause of action set up in the complaint is legitimate. This is so because averments not controverted by answer may be deemed to be true. In

general, the facts thus admitted are admissible against a defendant in default, in a further action. See Wigmore On Evidence (Third Edition), Vol. IV, § 1066 (6) p. 60 and 49 C.J.S., § 201, p. 357.

Although in the case at bar, there are no pleadings on the part of a plaintiff, there was, however, the right to compensation. And the amount of such compensation was adjusted on the basis of the age of the deceased workman (28 years old) and of his earning capacity (an average salary of $2.40 daily). By accepting the determination made by the Manager of the State Insurance Fund, the basic facts on which it was based were also accepted. Therefore, the court a quo had before its consideration the following facts to determine the damages suffered by the plaintiffs: (1) death of their father and consequently, loss of their companionship; (2) that the deceased workman was a young man 28 years of age; (3) that said workman earned an average salary of $2.40 daily; and (4) that the plaintiffs depended upon their father's salary for their support. We have seen that from the compensation paid by the Puerto Rico Beverages and Flavoring, Inc., to Domingo Castellano Rivera's dependents, forty per cent of $2,208.80, that is, $883.52, belonged to the two minors appellants. It is clear that said amount is not adequate and sufficient compensation for the damages suffered by plaintiffs-appellants. In view of the facts proved, a compensation of $5,000 must be fixed, deducting therefrom the amount of $883.52, which was already paid to the plaintiffs.[5]

The judgment appealed from will be reversed and another will be entered instead sustaining the complaint and ordering defendant-appellee Puerto Rico Beverages and Flavoring,

---

[5] Upon reaching these conclusions, we assume that the court a quo, held properly that the compensation received by appellants' mother was sufficient in absence of proof of other elements of damage and therefore, we deem it is unnecessary to consider appellants' contention as to their rights to inherit the cause of action instituted by her.

840

Inc., to pay plaintiffs-appellants, for damages, the amount of $5,000, from which the sum of $883.52, paid by defendant to plaintiffs through the State Insurance Fund shall be deducted. Defendant is also ordered to pay the costs and the amount of $350 for attorney's fees.

Mr. Justice Ortiz did not take part in the decision of this case.